Four cases, three of which will be orally presented. One is submitted on the record. For purposes of the record that's being recorded, that submitted case is 2008-3056 Crow v. Agriculture. First case to be argued is 2007-5144 Browning-Ferris Industries v. the U.S. Ms. Snyder, whenever you're ready. Good morning, may it please the court. Deborah Snyder on behalf of the United States of America. In this case, BFI Inc. and subsidiaries filed administrative refund claims with the IRS seeking tax benefits from a contingent liability tax shelter transaction. The IRS denied the refunds and the taxpayer then filed- Counsel, we're really good on the facts. I'm sure we've all read extensively the briefs. This is a difficult case. Could BFI as an LLC ever in the first instance serve as a common parent corporation under the old regulations that are governing? Under the old regulations that are governing, the LLC would not have been qualified ab initio to serve as a common parent, but that's a different issue from the issue here, which is once the common parent is qualified to serve as the common parent and thus the agent for the group, when does that agency authority cease? The only question for us is whether Inc. can file for their refund. There's a protective filing for LLC and for some other people as well. The issue in front of us is whether or not Inc. qualifies, right? Right. The issue boils down to did the existence of BFI Inc. terminate for purposes of filing refund claims for prior- Did it terminate for tax purposes? It didn't terminate for- It was converted from Inc. to LLC? It did not terminate for these tax purposes. As Your Honor is referencing, the Court of Federal held that basically there was a deemed liquidation of BFI Inc., and as a result, it no longer existed. If that is a correct finding, then you're out of court, right? Well, for the taxpayer to win, it would have to be true that BFI Inc. no longer existed, although even in that case, the taxpayer would have to show that BFI Inc. couldn't file the claims on its own behalf, which is the government's alternative argument. But the problem with the Court of Federal Claims analysis is that even if you look to those entity classification regulations, including the deemed liquidation regulation that the Court relied on, the Court did not address at all the specific exception in the entity classification regulations. Can we focus for a moment on 301.7701-3? Yes. The deemed liquidation provision, because that's the rationale of the decision below, is that Inc. fell within the provision that deals with the deemed liquidation. Was Inc. ever an eligible entity? An eligible entity to serve as the common parent? It's just an eligible entity. We know what an eligible entity is under the regs, right? A business entity that is not classified as a corporation under the regulation is an eligible entity. So BFI is a corporation? BFI Inc. was a corporation. So it was never an eligible entity? Was it ever an association? An association is an entity that's taxed as a corporation. No, but was BFI ever an association? No, it was an incorporation, right? BFI Inc. was a corporation that... BFI Inc. ever elect to be disregarded? It did. Well, it didn't file an affirmative. I'm talking about Inc. I'm not talking about LLC. Right. When Inc. converted under state law to a Delaware LLC, it did not elect to be taxable as a corporation. So it does fall into that default provision where... My question is, why is the deemed liquidation provision upon which the judge relied applicable at all? It deals with an association. If an eligible entity classified as an association, right? BFI was never an eligible entity and never classified as an association. It never made an election under C-1-1, right? Then how does it fall into little three? Well, I guess our position is that you don't have to... I'm asking you just to look at the regulation. I mean, this is all... I was taught in law school about tax lawyers. You read these things very carefully, and if you fall in the hole, you fall in the hole, and if you don't, you don't. So how could there be a deemed liquidation of BFI Inc. under little three, if you read it literally? If you read it literally, there wasn't. Shouldn't that be your argument? Game's over? Well... We know there was no liquidation or dissolution under state law, correct? That's right. Because the statute under which they converted says on its face that there's no dissolution of the corporation, right? And the corporate documents that affected the change in character also reflect that Inc. continued to exist. So you've got to kill BFI Inc. in order for the taxpayer to prevail and in order to sustain the rationale of the court below. That's right. And the only way you're going to kill it is artificially, if you will, under a deemed liquidation. Right. And the only provision cited by anybody to affect a deemed liquidation is little three. That's right. And on its face, it doesn't apply to BFI Inc. Right. And we don't think that you even get there because we don't think the entity classification regulations apply at all. Well, your view is state law government, if you will, which is really a breathtaking position for the government to take in a tax case. Well, it's not... It just sweeps away the commissioner's regulations. It actually... Let's go take a peek at state law. I mean, I was astonished at the position. It's actually a much narrower... When you could covey up, if you will, like birds in little three and say it doesn't even apply. Right. Well, the state law position is actually much narrower than that. We are simply saying that dissolution and the cessation of existence are state law concepts. And the regulations and the statute do not otherwise define those terms. And in the absence of a contrary definition in the regulations or the statute, you look to the state law principles when you're trying to establish whether or not a corporation created under state law has ceased to exist. Is it whether the corporation has ceased to exist or whether the common law parent corporation has ceased to exist? It's whether the entity itself has ceased to exist. Why? Effective dissolution of common parent corporation. If the common parent corporation contemplates dissolution, and it's talking all about really its eligibility to serve as the common parent corporation, isn't it? No. The question of whether an entity is eligible to serve as the common parent is a different question from when its agency authority ceases once it has that authority. But that's not what this particular regulation indicates. There's nothing in this regulation that indicates it ought to be interpreted the way you just said. Is there? I mean, if there is, point it out to me. Well, this regulation talks about if the common parent contemplates dissolution or is about to terminate. You don't even get to this regulation unless you have a termination of the common parent. But that just, it sets forth the procedures for designating another common parent corporation. But it doesn't speak to whether the common parents agency authority ends with respect to prior years. Here's part of my problem. Part of my problem is that an LLC couldn't in the first instance serve as a common parent corporation. Everybody agrees with that.  Unless it elects to be treated as a corporation. In that case, it could make the election and then make the election and be treated. Once again, you're in this alphabet soup fiction land. If they want to make the election, they can. Darn near anybody can be the common parent, right? If you make the correct election. A partnership can be the common parent, but the election was never made. Here, in this particular situation. The LLC did not elect to be taxed as a corporation. But remember, at the time that BFI Inc. converted under state law to an LLC, the consolidated group didn't even exist. The consolidated group had become part of the allied group back in 99. So all we're talking about is whether or not a conversion that occurred as of the end of 2004 eliminated the common parents agency authority with respect to 97 and 99. Under the new regs, you've taken care of this problem, for the most part. This confusion, the fact that the regs in this case don't clearly speak to this, and that's why we're all here. And then the new regs do. But even under the new regs, the common parent corporation, who ceases to be a common parent corporation because they become, for example, an LLC or another otherwise disregarded entity, can only continue to serve as the common parent for the year in which they were at least the common parent a portion of that year. Even under the new regs, the common parent who turns into an LLC can't keep functioning indefinitely, can they? Well, actually, the new regs say that the common parent remains the agent for the consolidated return year as long as it remains in existence. But for that year only. It doesn't indicate or give authority to the LLC to continue to function as the common parent. No, but that's exactly what we're talking about in this case, though. We're talking about prior consolidated return years. But your interpretation of D, of 77 AD, is that when the common parent corporation became an LLC, it did not cease to exist. Under that interpretation, the LLC could continue serving as the common parent indefinitely. There's nothing to bar them from doing that. Clearly, the regulations have never contemplated that past, present, or the ones that apply to the cases post-2002. And that's my concern. My concern is that the interpretation you want me to adopt allows an LLC to continue to serve, absent an election, as the common parent indefinitely. Because in your mind, it's never terminated being the common parent corporation. How do we deal with that? Under our interpretation, it would allow the LLC to serve indefinitely for the prior consolidated return year. No, no, no, no, no. This provision talks about when someone ceases to be a common parent. It doesn't say anything about limited for the particular years. Your interpretation would say they never cease to be the common parent. Your interpretation would be today they continue to serve as the common parent. Well, we're not contending. But only for those back years, though, right? For the back years. And all we're saying is that the agency authority for the entity that continued to exist in fact, we're saying its agency authority wasn't terminated because under the 727-Cap-A regulation, it would lose its agency authority only if it dissolved or ceased to exist. We're not saying that it would be the common parent going forward. But why? You've just said it didn't cease to exist as a common parent corporation. So why can't it continue to serve permanently in that capacity, despite the fact that it's now an LLC? Well, it didn't cease to exist as an entity. And as a result, it retained its agency authority for the prior years. We don't have before us here the issue of who the common parent is going forward. Because as I mentioned, we're only talking about the 97 to 98 tax years. So I think the question of when- But under your interpretation, the common parent corporation has not been dissolved or extinguished in any way by their conversion. So it can keep serving as the common parent. That's really the crux of what bothers me about the interpretation the government's arguing here. Well, we're not arguing that this regulation necessarily overrides the rules about who can be a common parent to start with. The problem is the taxpayer's interpretation. Basically, nobody is authorized to act at all in the situation that we have here. So you have a situation where the regulation says if the common parent contemplates dissolution. No one's authorized until somebody makes an election. That's right. Couldn't each individual corporation subsidiary act? Well, that's right. In the case that no one can act, every individual member is free to act. Well, under the taxpayer's interpretation, that's not true. Under their interpretation, nobody was authorized to take actions that they, in fact, took. So in a way, they're seeking to get a benefit from the fact that they didn't comply with the regulation by doing the designation. They can look back later and say, oh, well, we didn't designate. There was a lapse of time. There was a lapse of time. There's always going to be an instant of time after the conversion and before the election when you're in no man's land. They just took a little longer because someone overlooked, apparently, the fact that there had been this corporate transaction. According to the taxpayer, they get the benefit of the little three, little three little I that you and I were talking about. If the taxpayer can't get through what I'll call little three, if they can't get through that, then you prevail. Right? Right. Because the only way you're going to dissolve or liquidate BFI is on paper with a deemed liquidation under the tax break. Right, and of course, our position is that, I mean, even if you look at that regulation, the Court of Federal Claims ignored the regulation that explicitly carves out this precise situation from that deemed liquidation construct. And that's the 7701-2 regulation, which says, Well, I can understand, perhaps, how the Court of Federal Claims walked by the argument that I tend to think covers this situation. It's because page 371 in the record, you told them that when a corporation converts to an LLC and chooses to be regarded as a disregarded entity, the deemed liquidation occurs. That's on 371. That's just wrong. I think all we were. That's just wrong, isn't it? I think we were just quoting the regulation. There's no answer to that question. Well, we were just quoting the regulation. No, no, no, you're not. I'm looking at the text. I can see why Judge Wheeler sort of got off base there. Oh, I see what you're saying. Yeah. Right, but that's still. Because under the regulation that you're citing, a corporation that converts to an LLC simply isn't in the ambit of the regulation. Even in, I mean, it's like it's in Tennessee instead of in Maine. Right, I guess the point we were trying to make is that even if you look at that regulation, there's another one that carves out refund claims and carves out prior periods. The only entity in this case that you could drive through level three if you wanted to would be LLC. Because LLC became a disregarded entity. Right, that's what they're trying to do. Right, but the point is we don't care about LLC. LLC wasn't trying to file to claim a refund for these two years in question. That's right, BFI Inc. was claiming the refund. And the refund claims were filed under the same name and under the same tax ID number as the original claims were. I mean, what we have here is a situation. I mean, the fact that the shoe just won't fit onto the foot or vice versa is that if you try to take LLC through the deemed liquidation regulation, you end up having a deemed liquidation of LLC. And that's just preposterous. Right. LLC has never been dissolved. It's alive and well. You're in your rebuttal time, but we will reserve some time for you. OK, thank you. Mr. Carter? Good morning, Your Honors. My name is Philip Carter. May it please the court. I represent the appellee. And given the nature of the dispute today, I would rather limit it to that as opposed to identifying the specific appellee in this case. Which appellee are you representing? That's exactly right. The issue that was brought up is whether the BFI Inc. can do anything here. And the important point to remember is timing, the timing of BFI Inc. And the termination of BFI Inc. for federal tax purposes occurs on December 31, 2004 when it converts to an LLC. It is no more for purposes of federal tax. It is treated as it does not, so it no longer exists. And how did it get terminated for tax purposes? Pardon me? What provision of law terminated Inc. as of the date of the? Well, precisely 7701-3 regulation that you've been referring. It's little three, the one we've been talking about. It happens by virtue of the conversion. It's not anything that has to be elected. In fact, under little three, is Inc. an association? Was Inc. ever a disregarded entity? No, Inc. was not a disregarded entity. But when Inc. terminated prior to the time that the refund claim was filed, it When it did what? When it converted to an LLC. Why? Because under the regulation, it becomes disregarded entity. It only remains under sub three. Sub three, the way this deemed liquidation is set up is that it talks about deemed liquidation in a certain situation. If you're a partnership and you go to an association, you get nicked under little one, right? If you're an association to a partnership, you get nicked under little two. And if you're an association that goes to a disregarded entity, you get nicked under three. I'm not sure what you mean by get nicked, but I can't. Well, you become, you have a deemed liquidation at the end of the transaction. If you are a corporation or association, you convert to. No, you can't just say corporation or association. Well, if you are a corporation, as we had here. If you are a corporation, as we had here, you never become an entity. You become a disregarded entity at the point in time. It's an eligible entity, right? But the term eligible entity means that it is an entity that has the option to elect to be treated one way or the other. It's a business entity that's not classified as a corporation. That's the definition of eligible entity. Correct. OK. Now, BFI is classified as a corporation. BFI Inc. is a corporation until it converts to an LLC. But it was never liquidated. It is liquidated by virtue. It was a conversion for LLC. And under state law, it was not a liquidation. Exactly. But under the federal law and under 7701 regulations, it is treated as a deemed liquidation for all purposes under the tax code. I don't see it as it remains as an eligible entity. Is it a disregarded entity at that point? Yes, it is. And the terminology eligible entity simply means that it has the option to elect its tax status. And in the case of a corporation. That's your reading of the regulation. I mean, I thought you read this text really close to the wind, if you will. A business entity that is not classified as a corporation under da-da-da is an eligible entity. But an eligible entity is an entity, in the case of a corporation converting to an LLC, that must elect to be treated as a corporation. Otherwise, it is de facto disregarded under the federal tax law. So it has to take an effect. Which regulation says that? Under sub 3. No, no, sub 3 doesn't have anything to do with it. Under sub 3. Read sub 3. Where it talks about effective changes of classification in subsection G. No, sub 3 says association to a disregarded entity. So what it's talking about is when an association, OK, as a disregarded entity, right? And we know what an association is under tax law. It ain't a corporation. But a corporation. I mean, that's what Boris Bickert taught me. A corporation that converts to an LLC becomes a disregarded entity per se. Where? It then. Where? What regulation? Well, I was pointing out. Recite me the regulation that says exactly those words. If you look at subsection G. 3? In 3. In little 3, the one we're talking about, association to disregarded entity. If an eligible entity classified as an association elects to be disregarded, right? There's been no election in this factual election in this case by anybody. But we have it backwards. The election is to be treated as a taxable corporate entity. In other words, an LLC is treated as disregarded. It elects to be disregarded as an entity separate from its owner. That's what the election has to be. So as I understand your honor's point, your point is that since no election is made, it continues to be taxed as a corporation. I don't think even the government is saying that. This is taxable. We're not talking about tax. We're simply talking about whether or not Inc. died for purposes, for the sole and limited purposes of filing a request for a refund for two whole years. That's all we're talking about. And the answer is yes, that it did. When it converted to an LLC. But not according to state law. Correct. Not according to state law. Only way you can prevail is if you can drive Inc. through what I'm calling little three I. Was that the only way you can prevail counsel? Or was there an alternative ground that relied on sort of an interpretation of the 2002 and post regulations as shedding some light on how we ought to interpret the previous one? They simply reconfirm what was implicit in the original regulation, under the original 1502-77 regulation. What's implicit? Implicit is that disregarded entities are treated as a termination. And there's no dispute in this case that BFI, when it converted, became a disregarded entity. Suppose that we don't agree, and you can see that you've got some trouble here on the three little I. So how else do you win? Say you lose on that point. How do you win otherwise? Make your best case. First of all, under 1502-77, the requirement is that agency status and the right to serve as the common parent agent can only exist for a corporation. Whatever this was, and we assert that it was an entity that was disregarded for federal tax purposes, an argument I don't even think that the government has disputed. No, no, Inc., they have flat out said that Inc. wasn't disregarded. But Inc. terminated its existence for federal tax purposes. The LLC is the disregarded party. That's the concession. That's right. And when LLC is not, they're not trying to sustain, LLC is not trying to, you've got a protective filing for them. But the issue in this case is whether Inc. can stand. There's not two entities here. There's an entity that converted from one form to another. First, it was an incorporated entity serving as the common parent. Once it converted under the federal tax law, which a fact borne out by the subsequent regulation, which makes it clear that disregarded entities are no longer, are treated as a termination for purposes of the regulation. But do we take subsequent regulations and interpret? I'm sorry? Do we take subsequent regulations and interpret the previous regulation? It's not necessary to do so, because one can glean the same meaning from the original regulation, because it refers to dissolution or other termination. And the use of the disjunctive, as the Supreme Court has said in the AT&T case we cited in our brief, is intended to mean two different things. So the question is, is there a way other than state law in which this corporation's status as an agent for the consolidated group can terminate? And the answer is yes, by reference to federal law. Yeah, and if the federal law said, when a corporation converts to an LLC, then we will treat the transaction as a deemed liquidation of the corporation. And that's so easy to say. So if somebody wanted to say that in this very, very precise set of regulations, I mean, my god, they're precise. They would have written that. Right, well, again, in the regulation. It wasn't a learned hand said, if the little box of the tax law, if they catch you in the box, you're there. But if you're not in the box, you're not. But Your Honor's premise is that when a corporation converts to an LLC, unless it takes some affirmative action to elect to be treated as something other than a corporation, it continues to exist as a corporation. Therefore, even under the federal law. For purposes of refund for old years, what's the problem? As a policy matter. I mean, my problem, sir, is that you don't fit, in my judgment, in what I call little 3-I. There's just no way you can get ink in there if you read it literally. And you have not told me how you get ink into little 3-I literally. You're saying sort of like the doctrine of equivalence. We'll kind of treat ink like it was LLC, and then we'll push it into another association. If you're referring to 7701-3. I'm looking at 7701-3. It's down the alphabet soup. It's down to little 3, little I. That is the deemed liquidation section that was relied on by Judge Wheeler. And that's the deemed liquidation section that you rely on. And as I said earlier, if you can't get BFI into that regulation, I don't see how you can possibly prevail. And you have not told me how you can get it in, and you haven't told me how you can prevail otherwise. It is true. Your turn. It is true that under the federal law, an entity that becomes disregarded, and we're boiling this down to the question of whether this entity becomes disregarded for federal tax purposes. And what regulation, what precise regulation caused ink to become disregarded? Well, I'm all ears. There isn't one. Yes, there is. Section 3 treats a corporation when it converts to an LLC. Section 3. Let's get specific. Regulation 301-77-1-3. 7701-3? 7701-3. A, B, C. A says a business entity that is not classified as a corporation. Under this. And what is that? Under any of these. That's an eligible entity. Right. Right. And BFI is classified as a corporation. BFI Inc is classified as a corporation. BFI Inc, when it converts to an LLC, is no longer classified as a corporation. Under sub 2, it is an eligible entity to the extent. Under sub 2. Under 7701-2. A business entity that is not classified as a corporation. An LLC under sub 2 is one of the entities under the entity classification rule. Let's have the exact line. 7701-2. Corporations. For tax purposes, a corporation means, right? Can be a corporation or an association. I'm with you on 7701-2, but I just don't know what you're trying to refer us to. Well, the point I'm making is. You ought to be able to actually point to the very words in quoted. This is extremely technical stuff. Yes. Right? And you get caught in the briar patch, you're gone. If you're not, you're not. So I'm just trying to see exactly in 7701-2 which words you're talking about. I apologize. I'm happy to be educated, but you can tell me. No, I understand. I said already, I'm having a problem. And I don't have subsection 2 in front of me. I can't quote you the exact language. It's pretty important to your argument. I understand. You don't have it, and you can't quote the language. But the issue here is whether an LLC is treated as a disregarded entity. And if it's an eligible entity, that simply means. I understand about the LLC, but nobody's trying to hang their hat on the LLC. But that's exactly what you have to hang your hat on, because once the company becomes an LLC, it no longer is treated as a taxable entity throughout the tax code, including under the Consolidated Return Regulations. Right, but your problem is you have to kill it. You have to slay the dragon, so to speak. You don't have to kill it, but converse it. Well, no, no, no. You have to liquidate it. You have to get it deemed liquidated, and you've only cited one provision of the vast tax code in which there could be a deemed liquidation that would apply to this. The Entity Classification Regulations. That's right. And the conversion to an LLC by operation of the Entity Classification Regulations treats the entity as disregarded, as indistinct from its owner. Is the LLC referred to in 7701-2? You're now telling me about the LLC when it did something. Well, it was seen. I don't see the LLC in 7701-2. Well, I can't speak to that. And I have you to disadvance, because I have the text of the regulation in front of me, and you don't. Right, I don't have the text of the regulation in front of me. But I don't think, at least, the government has never suggested that this entity is not disregarded for federal tax purposes. They're simply saying that the language of 1502-77 limits the loss of agency status to the circumstance under which there's a dissolution under state law. So the premise for them to prevail is that federal law doesn't apply. If federal law does apply, and this court has focused on a very simple question, which is whether, when there's a conversion of a corporation to a limited liability company, does it cease to exist? Let me just ask you one question, because probably your time's running out. Assume, for purposes of argument, that you're right, that Inc. somehow got to be a disregarded entity, right? Then the government's eggs go into the basket of what they call the overlooked regulation. Yes. At page 871 of the record, which I talked about earlier to the government, that's where the government presented the so-called missing regulation to Judge Wheeler, and they contend that Judge Wheeler just walked right by. It says, if you're otherwise disregarded, you're just doing fine if you want to file for a refund. Now, what's your answer to that? There's a number of problems with that, and I'll try to go through them very briefly. The government premise, and they said this in their argument, is that nobody is entitled, then, to file an amended return. We know that's not true under the consolidated return regulations, because under subsection D, there's a specific process by which a substitute agent is appointed. But you're saying the government gave this argument away during oral argument? The government, well, effectively, yes. I mean, the government made it. Let's assume they didn't. Let's assume that the government, that the service, didn't give up the missing reg argument by having talked generally about the no man's land problem. Right, well, it's not a no man's problem. So what's wrong with the government's argument that a disregarded entity is nonetheless regarded for purposes of filing for refunds? Because that regulation, first of all, it speaks very specifically to refunds or credits. And the government has tried to extrapolate that to encompass qualification for a refund or credit. What's the difference? Qualification? A qualification means you have to do everything that's necessary to qualify for the refund or credit, which includes the filing of a valid refund claim. And the preamble after it's written. Is that what it says in the missing reg? In the missing reg? Page 371 of the record. We're talking about regulation 7701-2C2-3i-a. 3 little i. Right. Right, and the regulation only says it can treat a disregarded entity as separate from its owner with respect to refunds or credits. And the government has said that means anything to do with refunds or credits. And our interpretation has been no, it means with respect to refunds or credits, once a determination has been made that a refund or credit is due, which requires a refund. Your argument is the regulations are circular. The regulation is circular. Well, it certainly is. You would think that if the regulation doesn't come into play unless you qualified to file a refund anyhow, that it would say that. Instead of saying, you've been disregarded, you're over here, you don't really count anymore, but you still can file for a refund. Right, the regulation, to read it as the government would suggest, would be plainly inconsistent with the procedure outlined in 1502-77A and the procedure outlined for the appointment of a substitute agent. And to the extent there's a conflict, 1502-77A must be predominant. It must control. But there's no reason to read the regulation in conflict. And in fact, the preamble to the new regulations make clear that that interpretation is incorrect. They say the proposed regulation, and this is the regulation we're talking about, 2C23 little i, do not address the question of whether the disregarded entity is, in fact, either liable for federal taxes or entitled to a refund or credit of federal tax. What I find interesting is that if you made the hypothetical situation where it has statute of limitations, was about to run, and ink ran in and filed, somebody forgot about the conversion to LLC, and ink filed a request for a refund, and the government threw it out, saying, oh, you don't qualify. You make your argument. You were dissolved under little iii. And then you can't get back in time, the statute closes on you. Exactly right. I would think you'd be here arguing the government's case, and the government would be arguing your case. That's exactly right. And that's why it would have been incumbent upon us to file a refund claim, no matter what the circumstances, because that's exactly what could have happened. Statute of limitations could have run. We could have tried the case in the lower court. We could have won the case in the lower court. And we could be standing here right now, arguing that, on the government standpoint, that there was a lack of jurisdiction, because the party that filed the refund claim had terminated and wasn't authorized as an agent for the consolidated group. The refund claim was invalid, and therefore, we have no time to file a corrected refund. So you're saying that the filed amendment corporate tax return that's on 835, showing Browning Ferris Industries, Inc., and subsidiaries is incorrect. That's absolutely right. That was dated May 12, 2005. That's right. After BFI was already deemed to be liquidated  Exactly. And the procedure, once that error was determined, the procedure was followed under 77-77D to designate a new agent. A designation application was made. It was approved by the IRS, and a corrected refund claim was filed before the statute of limitations expired. Well, the subsequent amendments that were filed were BFI Waste Systems of North America, Inc., designee, consolidated group, Browning Ferris Industries, and subsidiaries. Correct. We're still talking about the same consolidated group. Yes. Not the new parent. That's correct. The correct party to file the claims was the one that was duly designated under the procedures in 77-77D. A designation application was made. It was approved. And they became the agent for purposes of performing administrative actions, and really, for all purposes. And therefore, they were the only authorized entity to file a refund claim, not an entity that no longer existed. Let me ask you a question. Hypothetically, if the government had succumbed and said, yes, you're right. We're going to send you back a check for $18 million under your amended income tax return. Those data back in 05. They made the check payable to the BFI Industries, Inc. Who would cash that check? That's a very good question, because the answer is that they could make the check to BFI, Inc. It would be cashed by the successor to BFI, Inc., the parent company. But the point of that is that that's why the regulation exists. It's for the benefit of the service to not have to figure out who they have to deal with. When they talk about refunds or credits, the government is entitled to pay that refund or credit to the disregarded entity. For that limited purpose, it is entitled to treat the disregarded entity as if it is separate and distinct from its owner. For that limited purpose. Even though that disregarded entity filed for the application for the refund under that condition. No, because then the disregarded entity would have filed an invalid claim and no refund would be due. But the point is, if the refund claim had either been filed before BFI, Inc. had converted to an LLC or had been filed as it is now correctly, and ultimately it is determined that a refund is due, that provision would entitle the IRS to issue the refund to BFI, Inc., even though BFI, Inc. no longer exists. That's the limited scope of that regulation, subsection 3 little i. That, and of course, dealing with BFI, Inc. in the context of seeking to collect liabilities. It doesn't have to look elsewhere. It can look to that particular entity. That's really not what it says. It doesn't say tax refunds. It says tax liabilities of certain disregarded entities. Right. Including refunds and credits of federal tax. Right. It lists liabilities and it lists refunds. So in both instances, that provision, as the preamble makes clear to the regulations, is that that is intended for the administrative convenience of the IRS. It can collect liabilities by serving notices, by issuing intents to levy. It can do all that. It doesn't have to seek out who the new entity is. But it says nothing about the activities that the entity itself can do and undertake. And that's consistent with 1502-77D, which limits conduct to what the IRS can do, not what the taxpayer can do. It says nothing about what the taxpayer can do in terms of taking affirmative actions. And that speaks to the question of whether the individual members of the group can take their own, essentially assert their own claims, or ratify their own claims, or the specific entity can file a claim on behalf of itself. All that regulation speaks to is whether the IRS can deal with these entities, not what the entities themselves can do. Thank you, Mr. Clark. Thank you. Ms. Snyder, why don't you give five minutes for rebuttal. Thank you. There are a number of technical points I want to rebut. But before I do that, I want to make it clear that the government would not want to be arguing the other side of this case and wouldn't. You know, I think if all BFI were concerned about were making sure they had a clear jurisdictional basis for their case, they could have filed another suit in the Court of Federal Claims based on their later refund claims and consolidated them. But I think, you know, arguing, noting this sort of unusual procedural posture of this case brings out how remarkable the Court of Federal Claims ruling is in the extraordinary level of technical accuracy that it requires of refund claims. And I think if this were a situation where the parties' roles were reversed and the government, say the statute of limitations ran, as Your Honor mentioned, and the government filed a motion to dismiss, and if we said, well, yeah, even though the refund claims were filed under the same name and tax ID number as the original tax returns, and even though we knew who the taxpayer was, and even though we knew what the transaction was and the exact amounts of the adjustments and who all the players were, and even though we considered the claims on the merits, the court has no jurisdiction over those refund claims because the wrong agent was listed on the top box of Form 1120X as having filed them. It would be difficult to imagine that a court would really countenance that position by the IRS. And moving on to some of the technical points, in no way is I know, I beg to differ. I've sat in this court long enough and listened to the government, maybe not from the tax side of the Department of Justice, but from the other side, make jurisdictional arguments on the slenderest of reeds whenever it's to their advantage. Well, this is beyond the slenderest of reeds. I mean, in this situation, the taxpayer had to file multiple sets of refund claims for the same thing just to avoid being hoist by their own petard if they win on this argument. So I mean, I think this is sort of beyond hyper-technical. But just to move on to some of the technical points, the government is in no way giving up its argument that the IRS is empowered to deal with the members individually. All I was saying is that under the taxpayer's position, there is no one who could act. But we are certainly in no way conceding that point. And I apologize if something came across as if we were doing that. The taxpayer's reading of the carve-out regulation, or what your honor referred to as the missing regulation, it just doesn't make sense. The plain language of the regulation says it applies to refunds of federal tax. It's not limited to payment of previously authorized refunds. And that reading just reads limiting words into the regulation that aren't there. And the- What's your surmise as to how a very careful judge who was doing the very best he could to navigate through all the alphabet soup simply walked right by this regulation that you clearly presented in your brief? I don't want to speculate as to that, necessarily. I mean, I guess the only thing that's relevant here is that that's what happened. And we think you don't even look to the preamble of the regulation, because the regulation is not ambiguous. But even if you do, that preamble doesn't talk about the issue that we have in this case, which is whether or not the entity had the capacity to file refund claims. We're not talking about whether it was entitled to a refund. On reconsideration, did you present the so-called missing reg to the judge? I don't remember if we represented it. I don't see any reference to it in the reconsideration decision. Well, that I don't recall. But we certainly presented it in the briefs on the first round and in the oral argument. Whether we represented it again, I don't know. Technically, you're not supposed to do that on consideration. It's your basis loaded home run in this case, isn't it? Yes, if you believe the entity classification regulations apply, then it is. How would the doctrine of indefinite claim doctrine apply in this particular situation? The indefinite claim doctrine? Informal. Oh, well, we are not arguing on appeal that these claims were valid informal refund claims. But the informal claim doctrine is relevant to the extent that it casts light upon how extraordinarily high the standard has been, or the approach of the Court of Federal Claims was in this case, and that it's a divergence from other authorities where the courts have looked at situations, and they're cited in our brief, or it's sort of a wrong name or a wrong capacity. But we're not arguing that these are informal claims. We are arguing that they were valid, proper claims for refund. But those cases come into play just to cast light on the problems with the approach that the Court of Federal Claims took in this case. Would that be a good basis for your claim at that point? I'm sorry? Would that be a good basis, a good doctrine, for your claim at that point? The informal claim doctrine? As I said, we're not taking the position on appeal that these claims were valid informal refund claims. And I also just want to know what would happen if BFI is correct, that there's absolutely no doubt whatsoever that ink was liquidated for tax purposes upon the conversion? Well, I think- Just assume that for a moment. Then wouldn't your so-called missing regulation sort of be in tension with the deemed liquidation? To the extent they are in tension, the carve-out regulation clearly trumps, because it's the more specific regulation. It says that, well, even if you generally have a deemed liquidation, in the specific context of prior years. That is giving full credit to the taxpayer's argument. I belittled the taxpayer, claiming that his argument was circular. He's saying, well, sure, you can get at the missing benefits of the missing regulation if you're entitled to get at them, if you're a proper party for filing a refund. But if you've been extinguished, I think we all agree that all tax court cases say, if you're extinguished, if you're gone, then you're not qualified to file. No, because I think that's part of the imprecision in the language the taxpayer is using in this case. It's disregarded doesn't mean cease to exist. And disregarded doesn't mean for all federal income tax purposes. You can be disregarded for some things and not for others. And that's one of the things. No, we're not, Tom. We're talking deemed liquidated. What happens if you are, in fact, deemed liquidated? Well, the deemed liquidation is only the tax consequences of the transaction where you elect to be disregarded. I mean, it says who recognizes gain or loss. I mean, it doesn't say you cease to exist. But the thing is, the only way they get to deemed liquidation is by virtue of the disregard. And what our regulation, the carve-out regulation, does is it says, well, but you are not disregarded for prior years, and you are not disregarded for refunds. So in this particular circumstance, that regulation carves out this situation from the deemed liquidation construct to the extent that it applies. Counsel, 77 AD says, if a common parent corporation contemplates dissolution, is about to be dissolved, or if for any other reason its existence is about to terminate, what would be another reason a company's existence could terminate other than dissolution? That's a good point, because the taxpayer reads that to apply to federal law. But that's not correct. I mean, there are other state law ways that an entity created under state law could terminate. And one of them is by merger. For example, state law could provide that a corporation's target goes out of existence in a merger. So that language in no way requires you to look to federal law to see if the existence of a state law created entity is terminated. Why would a merger qualify for ceasing to exist when the changing the very nature of your structure doesn't qualify as ceasing to exist? Because when you change the nature of your structure, you're still there as an entity. And if you're an entity, when you've merged, aren't you still there, albeit a new merged entity with some extra parts added on? Well, I think state law, including Delaware law, I think we cited the statute in our brief, I think says that when there's a merger between two corporations and one survives, the other one has ceased to exist. So it's another sort of example of how in the absence of a contrary federal definition in this regulation, you look to state law. Thank you, Ms. Nutter. Thank you. Case is submitted.